Aryeh Kaufman, Esq. (SBN: 289745)
aryeh@akaufmanlegal.com
**LAW OFFICE OF ARYEH KAUFMAN**
5482 Wilshire Blvd., PMB 1907
Los Angeles, CA 90036
Tel: (323) 943-2566
Fax: (213) 402-8598

David Labkowski*
david@labkowskilaw.com
**LABKOWSKI LAW, P.A.**
250 95th Street, Unit # 547233
Surfside, Florida 33154
(786) 461-1340

Kenneth A. Caruso*
ken.caruso@kennethcarusolaw.com
**KENNETH CARUSO LAW LLC**
15 W. 72nd Street
New York, NY 10023
(646) 599-4790

*Motion for Admittance Pro Hac Vice Forthcoming*

*Attorneys for Plaintiff,*
**SWEET HEALTH CORP. d/b/a VITAMIN LIQUIDATOR**

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWEET HEALTH CORP. d/b/a VITAMIN LIQUIDATOR<br><br>Plaintiff,<br><br>v.<br><br>BASELINE BARGAIN CENTER, INC., and SYED IFTIKHAR,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF WARRANTY OF TITLE - THE THORNE ORDER (UNIFORM COMMERCIAL CODE § 2-312)**<br>2. **BREACH OF WARRANTY OF TITLE - THE KA'CHAVA ORDER (UNIFORM COMMERCIAL CODE § 2-312)**<br><br>JURY TRIAL REQUESTED |

1

PLAINTIFF SWEET HEALTH CORP D/B/A VITAMIN LIQUIDATOR'S COMPLAINT FOR DAMAGES

## COMPLAINT

Plaintiff, Sweet Health Corp. d/b/a Vitamin Liquidator ("Sweet Health" or "Plaintiff"), as and for its Complaint against Defendants Baseline Bargain Center, Inc. ("Baseline Bargain") and Syed Iftikhar ("Iftikhar") (together, the "Baseline Bargain Defendants"), alleges as follows:

## PARTIES

1.     Plaintiff, Sweet Health, is a corporation organized under the laws of the State of New York, with its principal place of business at 7392 NW 18th Court, Hollywood, FL 33024.

2.     Defendant Baseline Bargain is a corporation organized under the laws of the State of California, with its principal place of business at 575 W. Maple Court, Colton, CA 92324.

3.     Upon information and belief, Defendant Iftikhar is a citizen of the State of California.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.     This Court has personal jurisdiction over Defendant Baseline Bargain in that Baseline Bargain is a corporation organized under the laws of the State of California and conducts business within the State of California.

6.     The Court has personal jurisdiction over Defendant Iftikhar in that he is a domiciliary of the State of California.

7.     Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b)(1) and (2), in that Baseline Bargain has its principal place of business within this district, a substantial part of the events giving rise to Sweet Health's claims occurred in this district, and Iftikhar resides in this district.

PLAINTIFF SWEET HEALTH CORP D/B/A VITAMIN LIQUIDATOR'S COMPLAINT FOR DAMAGES

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8.      Plaintiff, Sweet Health, is engaged in the business of selling various consumer products wholesale.

9.      Defendant Baseline Bargain is also engaged in the business of selling various consumer products wholesale.

10.      Defendant Syed Iftikhar is the owner of Baseline Bargain.

### A. The Thorne Order: Stolen Goods

11.      On or about December 18, 2023, the Baseline Bargain Defendants and Sweet Health entered into a contract for the sale of goods, pursuant to which the Baseline Bargain Defendants would sell to Sweet Health 30,000 units of Thorne Creatine, a vitamin supplement, at $12.00 per unit, for a total of $360,000 (the "Thorne Order").

12.      On that same date, Sweet Health paid the Baseline Bargain Defendants for the Thorne Order by means of two electronic funds transfers ("EFTs") totaling $360,000.  Specifically:

    a.  Sweet Health sent an EFT in the amount of $275,000 to a bank account in the name of Baseline Bargain; and

    b.  Sweet Health sent an EFT in the amount of $85,000 to a bank account in the name of Defendant Iftikhar.

13.      On that same date, Sweet Health and JMPM Group Corp ("JMPM Group") entered into a contract, pursuant to which Sweet Health would resell the Thorne Order to JMPM Group, at $18.50 per unit, for a total of $550,000.  A true and correct copy of the invoice is attached hereto and incorporated as Exhibit A. Thus, upon the resale of the Thorne Order, Sweet Health would earn a gross profit of $6.50 per unit, totaling $195,000.

14.      On that same date, JMPM Group paid Sweet Health for the Thorne Order by means of an EFT in the amount of $555,000.

PLAINTIFF SWEET HEALTH CORP D/B/A VITAMIN LIQUIDATOR'S COMPLAINT FOR DAMAGES

15.     Sweet Health arranged for the Thorne Order to be shipped directly from the Baseline Bargain Defendants in Colton, California, to JMPM Group in Toms River, New Jersey.

16.     Accordingly, on or about December 19, 2023, a trucking company picked up the Thorne Order from the Baseline Bargain Defendants in Colton, California.  A true and correct copy of the bill of lading is attached hereto and incorporated as Exhibit B.

17.     The trucking company drove the Thorne Order from Colton, California, to Toms River, New Jersey; the trucking company later delivered the Thorne Order to JMPM Group.

18.     Upon information and belief, JMPM Group purchased the Thorne Order from Sweet Health in order to re-sell the goods comprising the Thorne Order via Amazon.com, Inc. ("Amazon") as a third-party seller on the Amazon website.

19.     Upon information and belief, JMPM Group shipped the Thorne Order to one of Amazon's fulfillment centers.

20.     Upon information and belief, on or about January 18, 2024, after Amazon received the Thorne Order from JMPM Group, Amazon confiscated and/or froze all of JMPM Group's inventory stored by Amazon, including the Thorne Order, on the ground that those goods had been stolen.

21.     Upon information and belief, Amazon has suspended JMPM Group's account at Amazon and no longer allows JMPM Group to sell any products on Amazon's website.

22.     Upon information and belief, Amazon has frozen all funds that it owes to JMPM Group for the Thorne Order and for other goods that JMPM Group has sold.

23.     Upon information and belief, JMPM Group contends that Amazon's actions have caused JMPM Group to incur, and to continue to incur, damages in excess of $1 million (the "JMPM Damages").

PLAINTIFF SWEET HEALTH CORP D/B/A VITAMIN LIQUIDATOR'S COMPLAINT FOR DAMAGES

24.     JMPM Group has demanded, and continues to demand, that Sweet Health pay JMPM Group for the JMPM Damages.

25.     At no time, prior to the Thorne Order, did the Baseline Bargain Defendants disclose to Sweet Health that the Thorne Order consisted of, or included, stolen goods.

26.     As a direct and proximate result of the Baseline Bargain Defendants' sale of stolen goods to Sweet Health, Sweet Health has incurred, and is exposed to JMPM Group's claim for, substantial damages.

27.     Sweet Health has demanded that the Baseline Bargain Defendants reimburse Sweet Health for the purchase price of the Thorne Order and pay Sweet Health for any other damages that Sweet Health has incurred or may incur.  The Baseline Bargain Defendants have failed and/or refused to do so, and continue to fail and/or refuse to do so.

**B.  <u>The Ka'Chava Order: Stolen Goods</u>**

28.     On or about August 30, 2023, the Baseline Bargain Defendants and Sweet Health entered into a contract for the sale of goods, pursuant to which the Baseline Bargain Defendants would sell to Sweet Health 576 units of Ka'Chava Meal Replacement Shakes ("Ka'Chava"), at $32.00 per unit, for a total of $18,432 (the "Ka'Chava Order").  A true and correct copy of the invoice is attached hereto and incorporated as Exhibit C.

29.     On that same date, Sweet Health paid the Baseline Bargain Defendants for the Ka'Chava Order by means of an EFT for $18,432.00.  Specifically, Sweet Health sent an EFT in the amount of $18,432 to a bank account in the name of Baseline Bargain.

30.     On that same date, Sweet Health and Moshe Greenspan ("Greenspan") entered into a contract, pursuant to which Sweet Health would resell the Ka'Chava Order to Greenspan, at $40.00 per unit, totaling $23,040.  Thus, upon the resale of the Ka'Chava Order, Sweet Health would earn a gross

PLAINTIFF SWEET HEALTH CORP D/B/A VITAMIN LIQUIDATOR'S COMPLAINT FOR DAMAGES

profit of $8 per unit, totaling $4,608.  A true and correct copy of the invoice is attached hereto and incorporated as Exhibit D.

31.     On that same date, Greenspan paid Sweet Health for the Ka'Chava Order by means of an EFT in the amount of $23,040.

32.     Greenspan agreed to and arranged for the Ka'Chava Order to be shipped directly from the Baseline Bargain Defendants in Colton, California, to Greenspan in Brooklyn, New York.

33.     Accordingly, on or about September 1, 2023, a trucking company picked up the Ka'Chava Order from the Baseline Bargain Defendants in Colton, California.  A true and correct copy of the bill of lading is attached hereto and incorporated as Exhibit E.

34.     The trucking company drove the Ka'Chava Order from Colton, California, to Brooklyn, New York, where, approximately a week later, the trucking company delivered the Ka'Chava Order to Greenspan.

35.     Upon information and belief, Greenspan purchased the Ka'Chava Order from Sweet Health in order to re-sell the goods comprising the Ka'Chava Order via Amazon, as a third-party seller on the Amazon website.

36.     Upon information and belief, Greenspan shipped the Ka'Chava Order to one of Amazon's fulfillment centers.

37.     Upon information and belief, several months later, after Amazon received the Ka'Chava Order from Greenspan, Amazon confiscated and/or froze all of Greenspan's inventory stored by Amazon, including the Ka'Chava Order, on the ground that those goods had been stolen.

38.     Upon information and belief, Amazon has suspended Greenspan's account at Amazon and no longer allows Greenspan to sell any products on Amazon's website.

39.     Upon information and belief, Amazon has frozen all funds that it owes to Greenspan for the Ka'Chava Order and for other goods that Greenspan has sold.

PLAINTIFF SWEET HEALTH CORP D/B/A VITAMIN LIQUIDATOR'S COMPLAINT FOR DAMAGES

40.    Upon information and belief, Greenspan contends that Amazon's actions have caused Greenspan to incur, and to continue to incur, damages in excess of $250,000 (the "Greenspan Damages").

41.    Greenspan has demanded, and continues to demand, that Sweet Health pay Greenspan for the Greenspan Damages.

42.    At no time, prior to the Ka'Chava Order, did the Baseline Bargain Defendants disclose to Sweet Health that the Ka'Chava Order consisted of, or included, stolen goods.

43.    As a direct and proximate result of the Baseline Bargain Defendants' sale of stolen goods to Sweet Health, Sweet Health has incurred, and is exposed to Greenspan's claim for, substantial damages.

44.    Sweet Health has demanded that the Baseline Bargain Defendants reimburse Sweet Health for the purchase price of the Ka'Chava Order and pay Sweet Health for any other damages that Sweet Health has incurred or may incur. The Baseline Bargain Defendants have failed and/or refused to do so, and continue to fail and/or refuse to do so.

## FIRST CLAIM FOR RELIEF

## BREACH OF WARRANTY OF TITLE - THE THORNE ORDER

## (UNIFORM COMMERCIAL CODE § 2-312)

### (Plaintiff Against All Defendants)

45.    Sweet Health repeats and realleges the allegations set forth in ¶¶ 1-27 above, as if fully set forth herein.

46.    On or about December 18, 2023, the Baseline Bargain Defendants and Sweet Health entered into a contract for the sale of goods; specifically, the Thorne Order.

47.    Sweet Health performed all of its obligations under the contract by paying $360,000 to the Baseline Bargain Defendants.

PLAINTIFF SWEET HEALTH CORP D/B/A VITAMIN LIQUIDATOR'S COMPLAINT FOR DAMAGES

48.     The Baseline Bargain Defendants breached the contract by selling stolen goods to Sweet Health.  Specifically, the Baseline Bargain Defendants breached their warranty, made pursuant to Uniform Commercial Code § 2-312(1)(a), that the Baseline Bargain Defendants would convey good title to the Thorne Order and that the transfer of title to the Thorne Order is rightful.

49.     As a direct and proximate result of the Baseline Bargain Defendants' breach, Sweet Health has incurred, and will or may continue to incur, damages for breach of warranty, incidental damages and consequential damages, pursuant to, and without limitation, Uniform Commercial Code §§ 2-714(2) and (3) and 2-715, in amounts to be proven at trial.

## SECOND CLAIM FOR RELIEF

### BREACH OF WARRANTY OF TITLE - THE KA'CHAVA ORDER

### (UNIFORM COMMERCIAL CODE § 2-312)

### (Plaintiff Against All Defendants)

50.     Sweet Health repeats and realleges the allegations set forth in ¶¶ 1-10 and 28-44 above, as if fully set forth herein.

51.     On or about August 30, 2023, the Baseline Bargain Defendants and Sweet Health entered into a contract for the sale of goods; specifically, the Ka'Chava Order.

52.     Sweet Health performed all of its obligations under the contract by paying $18,432 to the Baseline Bargain Defendants.

53.     The Baseline Bargain Defendants breached the contract by selling stolen goods to Sweet Health.  Specifically, the Baseline Bargain Defendants breached their warranty, made pursuant to Uniform Commercial Code § 2-312(1)(a), that the Baseline Bargain Defendants would convey good title to the Ka'Chava Order and that the transfer of title to the Ka'Chava Order is rightful.

54.     As a direct and proximate result of the Baseline Bargain Defendants' breach, Sweet Health has incurred, and will or may continue to incur, damages for

PLAINTIFF SWEET HEALTH CORP D/B/A VITAMIN LIQUIDATOR'S COMPLAINT FOR DAMAGES

breach of warranty, incidental damages and consequential damages, pursuant to, and without limitation, Uniform Commercial Code §§ 2-714(2) and (3) and 2-715, in amounts to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sweet Health, prays for judgment in its favor and against Defendants as follows:

a.  That the Court enter judgment in its favor and against the Baseline Bargain Defendants for all damages incurred as a direct and proximate result of the breaches of contract alleged above;

b.  That the Court award Plaintiff pre-judgment and post-judgment interest as allowed by law;

c.  That the Court award Plaintiff its costs; and

d.  That Plaintiff be awarded such other and further relief as this Court deems just and proper.

Dated: June 10, 2024                    LAW OFFICE OF ARYEH KAUFMAN

                                        By: */s/ Aryeh Kaufman*
                                            Aryeh L. Kaufman, Esq.,
                                            *Attorneys for Plaintiff,*
                                            **SWEET HEALTH CORP d/b/a
                                            VITAMIN LIQUIDATOR**

PLAINTIFF SWEET HEALTH CORP D/B/A VITAMIN LIQUIDATOR'S COMPLAINT FOR DAMAGES

1

## REQUEST FOR JURY TRIAL

2      Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Sweet Health hereby requests a

3  trial by jury of all claims so triable.

4

5  Dated: June 10, 2024            **LAW OFFICE OF ARYEH KAUFMAN**

6                       By: */s/ Aryeh Kaufman*

7                         Aryeh L. Kaufman, Esq.

8                       David Labkowski*

9                       david@labkowskilaw.com
                            **LABKOWSKI LAW, P.A.**

10                     250 95th Street, Unit # 547233
                          Surfside, Florida 33154

11                     (786) 461-1340

12                     Kenneth A. Caruso*

13                     ken.caruso@kennethcarusolaw.com
                          **KENNETH CARUSO LAW LLC**

14                     15 W. 72nd Street
                          New York, NY 10023

15                     (646) 599-4790

16                     *Motion for Admittance Pro Hac Vice*

17                     *Forthcoming*

18                     *Attorneys for Plaintiff,*

19                     **SWEET HEALTH CORP d/b/a**
                          **VITAMIN LIQUIDATOR**

20

21

22

23

24

25

26

27

28

PLAINTIFF SWEET HEALTH CORP D/B/A VITAMIN LIQUIDATOR'S COMPLAINT FOR
DAMAGES